THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

MARY HEPFNER )
)
        Plaintiff )
)
)
*vs.* )
) Case No.: 2:18-cv-1112-JPS
)
)
REV-1 SOLUTIONS, LLC, et al. )
)
        Defendants )

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS REV-1 SOLUTIONS, LLC'S, MED-1 SOLUTIONS, LLC'S, COMPLETE BILLING SERVICES, LLC'S, AND WILLIAM JOSEPH HUFF'S MOTION TO DISMISS**

Defendants, Rev-1 Solutions, LLC ("Rev-1"), Med-1 Solutions, LLC ("Med-1"), Complete Billing Services, LLC ("Complete Billing"), and William Joseph Huff (collectively "movants")[1], respectfully submit this memorandum of law in support of their Motion to Dismiss Plaintiff's Class Action Complaint brought pursuant to Federal Rules of Civil Procedure 12(b)(2) and (6).

**PRELIMINARY STATEMENT**

Plaintiff has filed a Class Action Complaint ("Complaint") against movants, and other defendants, seeking to recover damages on her own behalf and on behalf of other "class members;" she alleges to have claims that are based on the same "factual and legal theories." (Class Action Complaint, attached hereto as Exhibit "1," ¶¶62-65) Plaintiff seeks to recover

---

[1] William Joseph Huff and Complete Billing seek dismissal under Rule 12(b)(2) on the grounds that the Court lacks personal jurisdiction over them. Without waiving their challenge to personal jurisdiction or their right to appeal any adverse ruling, in the alternative only, and only in the event the Court rules that it has personal jurisdiction over them, Mr. Huff and Complete Billing join the other movants in their Rule 12(b)(6) motion.

1

against movants for alleged violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, and the Wisconsin Consumer Transaction – Debt Collection Act ("Debt Collection Act"), Wis. Stat. §427.104. Plaintiff's causes of action are premised entirely on her allegations that (1) Rev-1 did not hold a Wisconsin collection agency license at the time it mailed a letter to her seeking to collect a debt (Ex. "1," ¶¶7, 8, 38, 39, 43, 57-58, 60-61); and (2) as best can be gleaned from the confusing assertions in the Complaint, Defendants Med-1, Complete Billing, and Mr. Huff (in his capacity as a shareholder of those entities), are jointly and severally liable for any misconduct by Rev-1 because they and other Defendants do not observe appropriate corporate formalities, are undercapitalized, and/or comingle assets. (Ex. "1," ¶¶21-31).

Pursuant to Rule 12(b)(2), the Complaint should be dismissed against Mr. Huff and Complete Billing because they are domiciled in Florida and have no contacts with the State of Wisconsin sufficient to justify the exercise of personal jurisdiction over them under Wisconsin's Long Arm Statute, Wis. Stat. § 801.05, or the requirements of due process. Should the Court find that it has jurisdiction over Mr. Huff and/or Complete Billing, which is denied, then venue is improper as to those Defendants under the provisions of 28 U.S.C. §1406(a) and they seek dismissal of the causes of action asserted against them pursuant to Rule 12(b)(3).

Pursuant to Rule 12(b)(6), the Complaint should be dismissed because the factual allegations contained therein defeat Plaintiff's[2] causes of action under the FDCPA and Debt Collection Act. In the Complaint, Plaintiff admits that Rev-1 "held a Wisconsin collection agency license from Oct. 1, 2012 through June 30, 2017." (Ex. "1," ¶42) The collection letter she complains of is dated April 14, 2017. (Ex. "1," at "Exhibit A") The letter coupled with

---

[2]Because Plaintiff's Complaint fails to state a cause of action upon which relief may be granted, no purported "class member" can maintain any cause of action on the facts plead.

Plaintiff's own allegations regarding Rev-1's licensure establish that it was licensed to send the letter and her causes of action fail as a matter of law.  Furthermore, Plaintiff's "Exhibit A" establishes that her causes of action against movants under Wisconsin law and the FDCPA are barred and precluded by the applicable one year statutes of limitations.

To the extent that Plaintiff's Complaint purports to state a cause of action against movants under the theory that they are liable for the debts of Rev-1 because they have engaged in corporate malfeasance, those allegations are insufficient to state a claim upon which relief may be granted.

## MATERIAL FACTS

### Plaintiff's Allegations Regarding Wrongful Conduct of Rev-1

The crux of Plaintiff's Complaint is that Rev-1 violated the FDCPA and the Wisconsin Debt Collection Act because it mailed a "debt collection" letter to her on July 26, 2107 when it did not hold a Wisconsin collection agency license.  (Ex. "1," ¶¶32, 38, 56-61)  In her Compliant, Plaintiff admits that Rev-1 held a Wisconsin collection agency license from October 1, 2012 through June 30, 2017.  (Ex. 1, ¶42)

Plaintiff attaches the letter that was mailed to her as "Exhibit A." to her Complaint.  (*Id.*, ¶32)  The letter is dated April 14, 2017.  (*Id.*, Ex. "A")  The letter is printed on Rev-1 letterhead paper and is "signed" by Rev-1.  (*Id.*)  The letter does not bear the name of any other movant.  (*Id.*)

### William Joseph Huff And Complete Billing Are Not Citizens Of Wisconsin Or Engaged In Any Activities Here

As attested in his Affidavit, Defendant William Joseph Huff is a resident of Florida.  (Affidavit, attached hereto as Exhibit "2," ¶2)  Plaintiff admits this in her Complaint.  (*Id.*, ¶18)

Mr. Huff has not been to the State of Wisconsin since 2016, when he was there on vacation at the Wisconsin Dells. (*Id.*, ¶3) He does not perform or solicit any work in the State of Wisconsin. (*Id.*, ¶4)

Mr. Huff is the Owner and President of Complete Billing, a limited liability corporation organized under the laws of the State of Indiana with its principle place of business in Indiana. (*Id.*, ¶¶1, 6) Complete Billing is not licensed to do, nor does it do, any business within the State of Wisconsin. (*Id.*, ¶9) It does not maintain an office or employees in Wisconsin, does not enter into contracts with entities or individuals located in Wisconsin, and does not have a registered agent in Wisconsin. (*Id.*) Complete Billing is not licensed as a debt collector in Wisconsin and does not collect debts from individuals with Wisconsin addresses or do any business in Wisconsin. (*Id.*, ¶10)

Neither Mr. Huff personally nor Complete Billing had any involvement in mailing the collection letter identified as "Exhibit A" to Plaintiff's Complaint or directing that it be mailed. (*Id.*, ¶¶5, 7) Neither Mr. Huff nor Complete Billing ever contacted Plaintiff, by mail or any other means, in the State of Wisconsin. (*Id.*, ¶8) Neither Mr. Huff nor Complete Billing has engaged in any of the activities enumerated in the Wisconsin Long arm Statute, Wis. Stat. § 801.05(1) – (11). (*Id.*, ¶¶11-12)

### Plaintiff's Allegations Regarding The Corporate Status of Movants

Plaintiff alleges that Rev-1, a foreign limited liability company with its principal place of business in Indiana, is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others. (*Id.*, ¶¶6-7) She alleges that "Rev-1 is one of seven 'divisions' of the 'RevOne Companies,' which were 'founded in 2003 as a collections and account receivable management company.'" (*Id.*, ¶11) She alleges that Med-1 and Complete Billing, both foreign limited liability companies, are also "divisions" of the

4

"RevOne Companies, and share offices with RevOne Companies in Indiana. (*Id.*, ¶¶12-13, 15) She alleges that Mr. Huff, who resides in Florida, is the Registered Agent for the "RevOne Divisions," and the sole manager and Florida registered agent of the RevOne Companies. (*Id.*, ¶¶18-19)

In her Complaint, Plaintiff further alleges that:

> 20. Upon information and belief, RevOne Companies and some, or all, of the RevOne Divisions act as corporate shell companies or corporate holding companies.
>
> 21. Upon information and belief, RevOne Companies and the RevOne Divisions share common shareholders and directors.
>
> 22. Upon information and belief, RevOne Companies and some, or all, of the RevOne Divisions are undercapitalized, relying on RevOne Companies, other RevOne Divisions, or Huff to pay their operating expenses.
>
> 23. Upon information and belief, some, or all, of RevOne Companies and the RevOne Divisions do not hold shareholder meetings and do not maintain formal corporate recordkeeping.
>
> 24. Upon information and belief, RevOne Companies and some, or all, of the RevOne Companies were organized and continue to be used, in whole or in part, for the purposes of promoting fraud, injustice, or illegal activities, including artificially deflating the net worth of certain RevOne Divisions (including Rev-1) in order to reduce those companies' FDCPA class action liability….
>
> 25. Upon information and belief, some, or all, of the RevOne Divisions are used to pay the obligations of other RevOne Divisions.
>
> 26. Upon information and belief, some, or all, of RevOne Companies', RevOne Divisions', and Huff's assets and affairs are commingled.
>
> 27. Upon information and belief, some, or all, of RevOne Companies and the RevOne Divisions, fail to observe required corporate formalities, including the holding of shareholder meetings, maintaining bylaws, and other corporate formalities.

5
1631397.1
Case 2:18-cv-01112-JPS   Filed 10/24/18   Page 5 of 16   Document 29

> 28. Upon information and belief, some, or all, of RevOne Companies' and the RevOne Divisions' shareholders—including William Joseph Huff—engage in acts or conduct ignoring, controlling, or manipulating the corporate form, including by artificially reducing Rev-1's net worth.
>
> 29. Upon information and belief, some, or all, of RevOne Companies and the RevOne Divisions are not operated separately, but rather are managed as one enterprise through their interrelationship to cause illegality, fraud, or injustice or to permit Rev-1 to escape liability arising out of an operation conducted Rev-1 for the benefit of the RevOne Companies and William Joseph Huff.
>
> 30. Upon information and belief, the RevOne Companies and the RevOne Divisions together are a single business enterprise corporation that has intermingling of business transactions, functions, property, employees, funds, records, and corporate names in dealing with the public….

(*Id.*, ¶¶20-30)

Plaintiff asserts that "courts may disregard the separateness of the affiliated corporate entities, and hold the corporations jointly and severally liable for one another's debts" under circumstances such as those she alleges. (*Id.*, ¶31)

## ARGUMENT

## RULE 12(B)(2) AND (3) MOTION OF WILLIAM JOSEPH HUFF AND COMPLETE BILLING

### I. LEGAL STANDARD

When a defendant has made a motion to dismiss under Rule 12(b)(2) of the Federal Rules of Civil Procedure, a plaintiff has the burden of establishing the existence of personal jurisdiction over the defendant. *Purdue Research Foundation v. Sanofi-Synthelabo*, 338 F.3d 773, 782 (7th Cir. 2003). "In order to establish jurisdiction under the long-arm statute, the plaintiff must allege jurisdictional facts that pertain to the cause of action." *Turnock v. Cope*, 816 F.2d 332, 334 (7th Cir. 1987). A plaintiff must provide sufficient evidence to establish at least a prima facie case of

personal jurisdiction. *Id.* at 333. When the defendant has brought a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2) and/or Rule 12(b)(3), allegations in the complaint are to be accepted as true, unless they are controverted by the defendant's affidavits. See *Id.; Deb v. Sirva, Inc.*, 832 F.3d 800, 809 (7th Cir. 2016) ("Rule 12(b)(3) is a somewhat unique context of dismissal in that a court may look beyond the mere allegations of a complaint, and need not view the allegations of the complaint as the exclusive basis for its decision.")

Plaintiff has the burden of establishing jurisdiction under the long-arm statute. *Johnson Litho Graphics of Eau Claire, Ltd. v. Sarver*, 344 Wis. 2d 374, 384-385, 824 N.W.2d 127, 132 (Wisc. App. 2013). *Brunswick Corp. v. Suzuki Motor Co.*, 575 F. Supp. 1412, 1416 (E.D. Wisc. 1983).

## II. THE COURT LACKS PERSONAL JURISDICTION OVER MR. HUFF AND COMPLETE BILLING

On the facts attested to by Mr. Huff in his Affidavit, the Court lacks personal jurisdiction over him and Complete Billing. They are not citizens of Wisconsin and they have engaged in no conduct invoking the benefits and protections of Wisconsin law. Plaintiff does not allege that Mr. Huff or Complete Billing had anything to do with sending her the collection letter she identifies as "Exhibit A" or that they otherwise caused damaged to a person or property in Wisconsin. Plaintiff cannot her burden of establishing personal jurisdiction here.

"[T]he exercise of jurisdiction must comport with due process requirements under the Fourteenth Amendment so that maintaining the lawsuit does not offend 'traditional notions of fair play and substantial justice." *Johnson*, 824 N.W.2d at 132 (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945)). That standard cannot be

7

1631397.1
Case 2:18-cv-01112-JPS   Filed 10/24/18   Page 7 of 16   Document 29

met on the facts of record and Mr. Huff and Complete Billing should be dismissed from this case because they are not subject to personal jurisdiction in Wisconsin.

### III. THE COURT SHOULD DISMISS THIS ACTION FOR IMPROPER VENUE, UNDER 28 U.S.C. §1406(A) AND PURSUANT TO RULE 12(B)(3)

The general venue statute of the United States Code provides three instances where venue is proper, where jurisdiction is not founded solely on diversity:

> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in **(1) a judicial district where any defendant resides**, if all defendants reside in the same State, **(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred**, or a substantial part of property that is the subject of the action is situated, or **(3)** if there is no district in which an action may otherwise be brought as provided in this section, **any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action**.

28 U.S.C. §1391(b) (emphasis supplied).

In all three instances, venue is only proper where the defendants reside, where the conduct occurred, or where the court can exercise personal jurisdiction. It is not proper where the plaintiff resides. Plaintiff resides in Wisconsin but Mr. Huff and Complete Billing do not. Mr. Huff is a resident of Florida and Complete Billing is an Indiana limited liability corporation with its principle place of business there. (Ex. "2," ¶¶2, 6) Plaintiff does not allege that either Defendant engaged in conduct in Wisconsin that allegedly caused her harm.[3] In fact, neither was

---

[3] To the extent that Plaintiff's allegations about corporate malfeasance can be read to state a cause of action against Mr. Huff and Complete Billing, which is denied and further discussed in Section IV of the Rule 12(b)(6) Motion, *infra*, Plaintiff does not allege that any of the corporate improprieties took place in Wisconsin. On the contrary, the Complaint states that (1) the corporate entities involved are all organized under the laws of Florida and Indiana (Ex. "1," ¶¶6, 10, 13-17); and (2) Mr. Huff is a resident of Florida (*Id.*, ¶18). The only reasonable inference that can be drawn from the allegations is that any alleged corporate malfeasance engaged in by movants took place in Indiana or Florida.

8

1631397.1

Case 2:18-cv-01112-JPS Filed 10/24/18 Page 8 of 16 Document 29

responsible for mailing the collection letter which is the basis for her lawsuit. (*Id.*, ¶¶5, 7) Given that neither Defendant is present in Wisconsin, any wrongful conduct by them in Wisconsin, or the ability to exercise personal jurisdiction, this Court should dismiss the lawsuit against Mr. Huff and Complete Billing for improper venue.

## **RULE 12(b)(6) MOTION**

### I. LEGAL STANDARD

"A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Jones v. Int'l Ass'n of Bridge Structural Ornamental & Reinforcing Iron Workers*, 864 F. Supp. 2d 760, 765 (E.D. Wisc. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing, *Twombly*, 550 U.S. at 566).

Federal Rule of Civil Procedure 8(2) requires that the plaintiff give the defendant fair notice of what the claim is and the grounds upon which it rests. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" is insufficient, as is one that contains only "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.*

A court considering a motion to dismiss should first identify pleadings that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. To meet the pleading standard, each legal conclusions must be supported by factual allegations. *Id.*

"The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. at 678. Moreover, the court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id*. (quoting *Twombly*, 550 U.S. at 555). Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id*. at 678-79.

## II. THE COLLECTION LETTER ATTACHED TO PLAINTIFF'S COMPLAINT DEFEATS HER CAUSES OF ACTION

Federal Rule of Civil Procedure 10(c) states: "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." When an exhibit to a complaint contradicts the allegations in the complaint, the exhibit controls, even when considering a motion to dismiss. *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir 2013) (citing *Forrest v. Universal Savings Bank, F.A*., 507 F.3d 540, 542 (7th Cir. 2007)); *Associated Builders, Inc. v. Alabama Power Co*., 505 F.2d 97, 100 (5th Cir. 1974) ("If the appended document reveals facts which foreclose recovery as a matter of law, dismissal is appropriate.")). "Thus, a plaintiff 'may plead himself out of court by attaching documents to the complaint that indicate that he or she is not entitled to judgment.'" *Massey v. Merrill Lynch & Co.*, 464 F.3d 642, 645 (7th Cir. 2006) (quoting *Centers v. Centennial Mortg., Inc.*, 398 F.3d 930, 933 (7th Cir. 2005)); see also *Clark v. City of Braidwood,* 318 F.3d 764, 767 (7th Cir. 2003).

Plaintiff has pleaded herself out of court here.[4] She alleges that Rev-1 held a Wisconsin collection agency license from October 1, 2012 through June 30, 2017. (Ex. 1, ¶42) The collection letter she attaches to her Complaint as the foundation for all of her causes of action is dated April 14, 2017. The letter Plaintiff chose to rely on to support her claims directly

---

[4] Since Plaintiff has no viable cause of action against movants, she cannot properly represent any member of a purported class.

contradicts her allegation that it was mailed when Rev-1 was unlicensed. The letter controls and defeats her causes of action under the FDCPA and Debt Collection Act. *Bogie*, 705 F.3d at 609; *Forrest*, 507 F.3d at 542; *Massey*, 464 F.3d at 645; *Centers*, 398 F.3d at 933. Her Complaint against movants[5] should be dismissed in its entirety.

### III. THE COLLECTION LETTER ATTACHED TO PLAINTIFF'S COMPLAINT ESTABLISHES THAT HER CLAIMS UNDER WIS. STAT. § 427.104 AND THE FDCPA ARE TIME BARRED

Plaintiff alleges that movants are liable to her under Wis. Stat. § 427.104 and the FDCPA because the letter she attaches as "Exhibit A" "falsely represented Rev-1's licensing status." (Ex. "1," ¶¶60-61) Wis. Stat. § 425.307 states that "[a]ny action brought by a customer to enforce rights pursuant to chs. 421 to 427 shall be commenced within one year after the date of the last violation of chs. 421 to 427." The FDCPA requires that an action to remedy a violation be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d); *Gajewski v. Ocwen Loan Servicing*, 650 F. App'x 283, 285 (7th Cir. 2016). The only alleged violation of § 427.104 complained of by Plaintiff was the mailing of "Exhibit A." The date on the letter is April 14, 2017. Plaintiff filed her Complaint on July 18, 2018. (Doc 1) Her causes of action under Wisconsin's Debt Collection Act and the FDCPA were barred by the statute of limitations at that time. Her cause of action against movants should be dismissed. *Clark*, 318 F.3d at 767 ("[A] plaintiff can plead himself out of court if he alleges facts that affirmatively show that his suit is time-barred").

---

[5] Mr. Huff and Complete Billing join in the Rule 12(b)(6) motion only if the Court finds that it has personal jurisdiction over them.

## IV. PLAINTIFF'S LEGAL CONCLUSIONS ABOUT MOVANTS' CORPORATE AFFAIRS DO NOT STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

### A. "PIERCING THE CORPORATE VEIL" IS A REMEDY, NOT A CAUSE OF ACTION

The only defendant alleged to have committed a wrongful act causing harm to Plaintiff by sending her a collection letter is Rev-1. Nevertheless, she has named seven other corporate entities, including an insurance company, and Mr. Huff as defendants to this lawsuit. "Upon information and belief," Plaintiff alleges that "some or all" of the corporate defendants "act as corporate shell or holding companies," have common shareholders or directors, are undercapitalized, comingle assets, and do not observe appropriate corporate formalities. (Ex. "1," ¶¶20-30) She further alleges that "some or all" of the corporate defendants' shareholders, including Mr. Huff, "engage in acts or conduct ignoring, controlling, or manipulating corporate form, including by artificially reducing Rev-1's net worth." (*Id.*, ¶28) Plaintiff states that the corporate entities are operated as "a single business enterprise" to "cause illegality, fraud, or injustice or to permit Rev-1 to escape liability" arising out of its operations. (*Id.*, ¶¶29-30) She asserts that "courts may disregard the separateness of the affiliated corporate entities, and hold the corporations jointly and severally liable for one another's debts" under circumstances such as those she alleges. (*Id.*, ¶31) Plaintiff does not state a cause of action upon which relief may be granted.

To the extent that Plaintiff's allegations attempt to make out a claim for relief based on the theory that "the corporate veil" separating the corporate movants and/or Mr. Huff can be "pierced" to avoid injustice, her efforts must fail. "Piercing the corporate veil is an equitable remedy." *Consumer's Co-op of Walworth County v. Olsen,* 419 N.W.2d 211, 213 (Wisc.1988)

(citing *Wiebke v. Richardson & Sons, Inc.*, 265 N.W.2d 571 (1978)); *Laborers' Pension Fund v. Lay-Com, Inc.*, 580 F.3d 602, 610 (7th Cir. 2009). It is not a cause of action.

### B. PLAINTIFF HAS NOT ALLEGED FACTS ENTITLING HER TO THE REMEDY SOUGHT

The equitable remedy of "veil-piercing" is governed by the law of the state where the corporations at issue are incorporated. *Laborers' Pension Fund*, 580 F.3d at 610; *Select Creations v. Paliafito Am.*, 852 F. Supp. 740, 774 (E.D. Wisc. 1994). Complete Billing is an Indiana limited liability corporation, as is Rev-1. (Ex. "2," ¶¶5, 6; Ex. "1," ¶6) Plaintiff's Complaint indicates that the other corporate movants are Indiana limited liability corporations. (Ex. "1," ¶15)

In Indiana, "[w]hether the party seeking to disregard corporate existence has met this burden is a highly fact-sensitive question." *CBR Event Decorators, Inc. v. Gates*, 962 N.E.2d 1276, 1281-1283 (Ind. App. 2013) (citing *Cmty. Care Ctrs., Inc. v. Hamilton*, 774 N.E.2d 559, 565 (Ind. Ct. App. 2002)). The party seeking to pierce the corporate veil bears the burden of establishing that: (1) the corporate form was 'so ignored, controlled or manipulated that it was the mere instrumentality of another' and (2) 'that the misuse of the corporate form would constitute a fraud or promote injustice.'" *Id.* (quoting *Escobedo v. BMH Health Assocs., Inc.*, 818 N.E.2d 930, 933 (Ind. 2004)). To establish entitlement to the remedy, it is essential that the plaintiff show a causal connection between the corporate misconduct alleged and the harm to him.

> Importantly, we have declined to disregard corporate identity where a party seeking to pierce the corporate veil failed to 'designate[] evidence [establishing that] these corporations abused the corporate form or that *such abuse would result in a fraud or injustice* to him.'

*CBR Event Decorators*, 962 N.E.2d at 1284 (quoting *Massey v. Conseco Servs., L.L.C*., 879 N.E.2d 605, 609 (Ind. Ct. App. 2008)) (emphasis in original).

In Florida, piercing the corporate veil is available as a remedy "where the corporation's controlling shareholder formed or used the corporation to defraud creditors by evading liability for *preexisting obligations*." *Braswell v. Ryan Invs., Ltd.*, 989 So. 2d 38, 38, (Fla. App. 2008); see also, *Mason v. E. Speer & Assocs., Inc.*, 846 So. 2d 529, 534 (Fla. App. 2003) (holding that judgment holder did not prove that shareholder's improper transactions, which "were not in response to any liability that the corporation had incurred, . . were made with a deliberate attempt to mislead creditors.").

Here, Plaintiff does not allege that (1) she has a pre-existing judgment against any movant; (2) that she has been unable to collect the judgment because of the judgment debtor's inability to satisfy it; or (3) that her inability to collect on the debt owed is causally related to any corporate malfeasance. Therefore, she is not entitled to invoke the "piercing the corporate veil" remedy against any movant under Florida or Indiana law on the facts alleged.

### C. PLAINTIFF'S ALLEGATIONS ARE INSUFFICIENT TO STATE A CLAUSE OF ACTION

Plaintiff alleges that "upon information and belief," movants were engaged in a "laundry list" of corporate irregularities, including co-mingling assets, disregarding separateness of corporate entities, and "artificially reducing Rev-1's net worth." Plaintiff does not state a single fact on which she bases her "information and belief." Paragraphs 20-30 of Plaintiff's Complaint are nothing more than a "formulaic recitation of the elements of a [purported] cause of action" for corporate veil piercing. *Iqbal*, 556 U.S. at 678. Even if this is a cause of action, which is denied, Plaintiff's allegations are insufficient to state such a claim under *Twombly*'s standard for proper pleading. In fact, all of the allegations in paragraphs 20-30 are mere conclusions of law,

14

1631397.1
Case 2:18-cv-01112-JPS     Filed 10/24/18     Page 14 of 16     Document 29

conclusory statements, and/or legal conclusions couched as factual allegations which are insufficient to place movants on notice of what Plaintiff's claim is and the factual grounds upon which it rests. As such, the Court need not give credence to any of Plaintiff's allegations when considering this motion to dismiss. *Iqbal*, 556 U.S. at 678.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, to give rise to a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570. Plaintiff's Complaint contains no such factual information. She provides no specific allegations of fact supporting entitlement to pierce the corporate veil (particularly since she has not alleged the inability to satisfy an existing judgment against Rev-1 and/or that corporate malfeasance has otherwise caused her harm). To the extent that the Complaint purports to state a cause of action founded on corporate malfeasance, it should be dismissed.

WHEREFORE, Defendants Rev-1 Solutions, LLC, Med-1 Solutions, LLC, Complete Billing Services, LLC, and William Joseph Huff respectfully request that this Court grant their motions to dismiss with prejudice.

Respectfully submitted,

/s/ Daniel L. Polsby
CLAUSEN MILLER P.C.

PAIGE M. NEEL
pneel@clausen.com
DANIEL L. POLSBY
dpolsby@clausen.com
10 South LaSalle Street
Chicago, Illinois 60603-1098
312/855-1010
FAX: 312.606.7777

## CERTIFICATE OF SERVICE AND NOTICE OF ELECTRONIC FILING

The undersigned hereby certifies that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all counsel of record on October 24, 2018.

          Respectfully submitted,

          */sDaniel L. Polsby*